IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                          NO.  5:04-CR-50043-001
                                 5:06-CV-05232

PABLO GONZALEZ                                              DEFENDANT/PETITIONER

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the undersigned for report and recommendation is the petitioner's Motion (Doc.28) filed December 19, 2006 under 28 U.S.C. section 2255. The Government filed its Response (Doc. 30) on February 22, 2007. The Petitioner filed his Reply (Doc. 31) on March 23, 2007.

I.  Background

On September 20, 2004, the petitioner, Pablo Gonzalez (hereinafter "Gonzalez"), was indicted by a grand jury in the Western District of Arkansas. The Indictment set forth that Gonzalez was "an alien who had been convicted of an aggravated felony, to wit: Possession for Sale of Cocaine Base, in violation of California Health and Safety Code Section 11351,5, Case No. BA067802, in the Superior Court of the State of California, Los Angeles County, and thereafter deported from the United States pursuant to law" and charged that Gonzalez "was found to be unlawfully in the Western District of Arkansas, Fayetteville Division, said defendant knowing that he had not obtained the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States, pursuant to 6 U.S.C. §§ 202(3) & (4) and 6 U.S.C. § 557, in violation of 8 U.S.C. §§ 1326(a) and (b)(2)." (Doc. 1)

Gonzalez subsequently pled guilty to the offense and on November 23, 2004, a Change of Plea Hearing was held before the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. A Plea Agreement was presented wherein Gonzalez agreed to plead guilty to the charge as set forth in the Indictment in exchange for the Government's agreement to not recommend a specific sentence, to not object to a reduction for acceptance of responsibility, and to move for an additional one (1) point for acceptance of responsibility, if applicable. (Docket Entry #10; Plea Agreement; *see also* Docket Entry #14; Pre-Sentence Investigation Report, hereinafter "PSR" at ¶ 3) At the plea hearing, Gonzalez admitted that he was deported to Mexico in 1995, and that he illegally re-entered the United States without permission of the appropriate authorities. (Change of Plea Hearing Transcript, hereinafter "CP", pp. 10-12) Subsequently, the District Court accepted Gonzalez's plea of guilty to the charge as set forth in the Indictment, and ordered the Pre-Sentence Report. (CP, pp. 15-16)

On January 11, 2005, the Probation Office issued Gonzalez's Pre-Sentence Report. Paragraph 14 of the PSR recommended a 16-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A). (Docket Entry #14; PSR, ¶ 14 stating that "If the defendant previously was **deported** after a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months, increase the offense level by 16 levels, pursuant to § 2L1.2(b)(1)(A)") Paragraph 27 of the PSR detailed Gonzalez' prior conviction for the aggravated felony which is referenced in the Indictment. (PSR, ¶ 27; setting forth that Gonzalez was sentenced to "**4 years state prison**" pursuant to his conviction on the charge of "Possession of cocaine base for sale: Los Angeles County, CA, Superior Court, #BA067802") Applying a base offense level of 8 (pursuant to U.S.S.G.§ 2L1.2 which calls for a base offense level of 8 for a violation of 8 U.S.C. 1326(a) and (b)(2); see PSR, ¶ 13), the 16-level enhancement pursuant to § 2L1.2(b)(1)(A), and

a 3-level reduction for acceptance of responsibility (pursuant to U.S.S.G. §§ 3E1.1(a) and (b); see PSR,¶¶ 19 and 20), the PSR set the total offense level at 21. (PSR, ¶ 21) The PSR further assessed a total of 20 criminal history points for 9 separate prior convictions (see PSR, ¶¶ 24-33), establishing a criminal history category of VI. (PSR, ¶ 34) The resulting recommended guideline range was 77-96 months. (PSR, ¶ 50) On February 14, 2005, the Probation Office issued an "Addendum to the Pre-Sentence Report" (hereinafter "PSR Addendum") which reflects that Defense Counsel objected to Paragraphs 14 and 27 of the PSR. (PSR Addendum) Defense Counsel argued that Gonzalez did not admit to matters dealing with criminal history as part of his plea agreement, and objected to any judicial enhancement being made of the basis Gonzalez's prior conviction(s), pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).(PSR Addendum)

Gonzalez's Sentencing Hearing was held on March 3, 2005. At that hearing, Defense Counsel continued to argue that the 16 point enhancement made pursuant to § 2L1.2(b)(1)(A) violated Blakely and Booker. Defense Counsel stipulated "that if the Government were to offer testimony by the probation officer, it would support the factual assertions in the Presentence Investigation Report" (ST, p.23), but continued to argue that, under Booker, such a conviction should not cause the district court to consider the 16-level enhancement based on a prior conviction for a drug trafficking offense under the Guidelines. (ST, pp. 24-27) Defense Counsel further argued that the "prior conviction exception" carved out by Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) was on shaky ground and that prior felony convictions should be treated no differently than any other fact that would tend to enhance the sentence. (ST, p. 24-27 The District Court overruled defense counsel's

objections and concluded that the Probation Office's recommendation of a guideline range of 77-96 months (calculated on the basis of a 16-point enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) as a result of Gonzalez's prior conviction for an aggravated felony) was appropriate and sentenced Gonzalez to 77 months imprisonment, 3 years supervised release, a $2500 fine, and a $100 special assessment. (ST, pp. 44-47)

Gonzalez subsequently appealed his case to the Eighth Circuit Court of Appeals. On appeal, Gonzalez argued that the district court violated the Sixth Amendment by imposing the § 2L1.2(b)(1)(A)(I) enhancement based on judge-found facts as to the nature of his prior convictions. The Eighth Circuit rejected the argument, stating that "[w]e have already rejected a similar Sixth Amendment challenge." United States v. Gonzalez, 169 Fed. Appx. 490, 490 (8th Cir. 2006)(*citing* United States v. Torres- Alvarado, 416 F.3d 808, 810-11 (8th Cir.2005) Gonzalez also argued that the district court erred in imposing the § 2L1.2(b)(1)(A)(I) enhancement when, in so doing, it considered challenged information in the PSR without limiting its inquiry to the documents listed as permissible by the Supreme Court in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005). The Eighth Circuit also rejected this argument, finding that while Gonzalez "made blanket objections to the PSR paragraphs detailing his drug-trafficking convictions.... [h]e never contended that the convictions did not exist, and in fact he stipulated at sentencing that if the probation officer were to testify, the testimony would support the factual assertions in the PSR" and that "because the district court concluded, based on unobjected-to information in the PSR, that Gonzalez had a drug-trafficking conviction for which he was sentenced to more than 13 months, Gonzalez's reliance on Shepard is misplaced." United States v. Gonzalez, 169 Fed. Appx. 490, 490-91 (8th Cir. 2006)

Gonzalez subsequently filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As his grounds for relief, Gonzalez argues that he received ineffective assistance of counsel in violation of the Constitution. Specifically, he contends that counsel was ineffective for failing to challenge the indictment, for failing to engineer an adequate plea agreement, for failing to file motions under the Protect Act of 2003, and for failing to object to the 16 point enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

II. Discussion

Ineffective Assistance of Counsel

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000 To establish a claim of ineffective assistance of counsel, Gonzalez must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. *see also, i.e., United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir.2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Gonzalez's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would

have insisted on going to trial. *See* Strickland, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir.2006) (*quoting* Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." Wiggins v. Smith, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Rice, 449 F.3d at 897 (*quoting* Strickland, 466 U.S. at 690, 104 S.Ct. 2052 Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (*quoting* Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir.2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance." If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir.2003). Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; Davis, 423 F.3d at 877. To satisfy this "prejudice" prong, Gonzalez must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

6

the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." Rice, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, __ F.3d __, 2007 WL 397253 (8th Cir. 2007)(*citing* Odem v. Hopkins, 382 F.3d 846, 851 (8th Cir.2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 *894 F.3d 616, 620 (8th Cir.1999)

**Failure to challenge the Indictment:**

Gonzalez specifically claims that counsel was ineffective for failing to challenge the indictment on the grounds that it did not allege an overt act and/or did not allege specific intent. (Doc. 28, page 7) The Petitioner contends the indictment is defective because "it charges neither the physical crossing of the border, nor any other fact, as a substantial step toward reentry."  This argument is without merit.

The Indictment set forth that Gonzalez was "an alien who had been convicted of an aggravated felony, to wit: Possession for Sale of Cocaine Base, in violation of California Health and Safety Code Section 11351,5, Case No. BA067802, in the Superior Court of the State of California, Los Angeles County, and thereafter deported from the United States pursuant to law" and charged that Gonzalez "was found to be unlawfully in the Western District of Arkansas, Fayetteville Division, said defendant knowing that he had not obtained the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security

to re-enter the United States, pursuant to 6 U.S.C. §§202(3) & (4) and 6 U.S.C. § 557, in violation of 8 U.S.C. §§ 1326(a) and (b)(2)." (Docket Entry#1; Indictment)

Thus, the Indictment specifically alleges that Gonzalez was found to be unlawfully in the United States "***knowing*** that he had not obtained...consent". Moreover, the Supreme Court has recently held that an Indictment alleging the crime of attempted illegal reentry into the United States "need not specifically allege a particular overt act or any other component part of the offense." *United States v. Resendiz-Ponce*, __ U.S. __, 127 S.Ct. 782, 788, L.ED.2d __ (2007) Accordingly, Gonzalez did not suffer ineffective assistance of counsel in violation of Strickland as a result of counsel's failure to challenge the sufficiency of the Indictment. *See, i.e., Harris v. Housewright*, 697 F. 2d 202 (8th Cir. 1982)(counsel is not ineffective for failing to file a motion that would not have succeeded because the petitioner was not actually prejudiced); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir.2002) (counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance); *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001)(If the claimed error is counsel's failure to notify the petitioner of a potential defense, the inquiry "will largely depend on whether the affirmative defense likely would have succeeded at trial.")

**Failure to engineer an adequate Plea Agreement:**

Gonzalez further argues that counsel was ineffective for failing to engineer an adequate Plea Agreement. This claim is also without merit. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d

8

699, 703- 04 (8th Cir. 1997)(internal citations omitted) Where a guilty plea is challenged under the second prong of the Strickland test the "defendant must show that ... he would not have pleaded guilty and would have insisted on going to trial." Id. (*citing* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)) In determining whether counsel's conduct was objectively reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (*citing* Strickland, 466 U.S. at 689) A defendant bears the burden of showing that counsel's actions were not sound strategy, *United States v. Hill*, 864 F.2d 601 (8th Cir. 1988) and Gonzalez has not shown and cannot show that counsel's advising him to accept a plea was not sound strategy. Here, Gonzalez's belated claim that his counsel did not represent him effectively in the plea process is contradicted by his contemporaneous statements at the plea and sentencing hearings that he was satisfied with the representation he had received. Moreover, by pleading guilty, Gonzalez was ultimately able to secure a sentence of 77 months imprisonment despite facing a statutory maximum of 240 months imprisonment. By pleading guilty, Gonzalez was further able to secure the government's promise to not object to a reduction for acceptance of responsibility, and to move for an additional one (1) point for acceptance of responsibility, if applicable. Accordingly, under the circumstances of this case, defense counsel's advice and performance clearly did not fall "below an objective standard of reasonableness" and that, consequently, Gonzalez cannot establish a valid claim of having received either deficient performance or actual prejudice under Strickland or the Constitution. *See, i.e.,* Williams v. United States, 343 F.3d 927 (8th Cir.2003) (reasonable strategy to advise defendant to maintain guilty plea because doing so benefitted defendant by limiting his sentencing range); United States v. Granados, 168 F.3d 343, 345 (8$_{th}$ Cir. 1999)("the

9

law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences.")

**Protect Act of 2003 Claim:**

The Petitioner next contends that because he committed his offense in the Western District of Arkansas, which does not have a "fast-track" program, an unwarranted sentencing disparity exists and therefore his sentence is unreasonable. This argument is without merit.

"Fast-track" programs provide expedited procedures in immigration cases and are primarily used in the southwestern border states (but do exist in Nebraska and South Dakota). *U.S. v. Panochero-Cresencio* 198 Fed.Appx. 573, *575-576, 2006 WL 2884088,**2 (C.A.8 (Iowa - 3 (C.A.8 (Iowa (C.A.8 (Iowa),2006)  The guidelines provide a downward departure if an authorized "fast-track " program is used. U.S. Sentencing Guidelines Manuel § 5K3.1.

Although Congress emphasized the importance of reducing sentence disparities in the Sentencing Reform Act of 1984, 18 U.S.C. § 3553 et seq., it also later passed the PROTECT Act to authorize fast track programs in districts overburdened by illegal reentry cases. See Publ. L. No. 108-21, 117 Stat. 650 (2003). Congress and the President have "concluded that the advantages stemming from fast-track programs outweigh their disadvantages, and that any disparity that results from fast-track programs is not 'unwarranted' ", *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir.2006) (quoting United States v. Perez-Chavez, No. 2:05-CR-00003PGC, 2005 U.S. Dist. LEXIS 9252, at *23 (D.Utah May 16, 2005)), and so directed the United States Sentencing Commission to "provide for guideline departures in certain judicial districts". See Sebastian, 436 F.3d at 916.    Not only is the Petitioner's sentence presumptively reasonable because it was within the 77-96 month guideline range, see *United*

10

*States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.2005), but it was at the lowest point of that range.

Gonzalez fails to offer any arguments that counsel could have raised under the Protect Act of 2003 which would have prevailed and which would have afforded him sentencing relief in this case. *See, i.e., Harris v. Housewright*, 697 F. 2d 202 (8th Cir. 1982)(counsel is not ineffective for failing to file a motion that would not have succeeded because the petitioner was not actually prejudiced); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir.2002) (counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance); *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001)(If the claimed error is counsel's failure to notify the petitioner of a potential defense, the inquiry "will largely depend on whether the affirmative defense likely would have succeeded at trial.")

**16-Level Enhancement:**

Lastly, Gonzalez argued that his Sixth Amendment rights were violated by counsel's failure to object to the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). This argument is also without merit. The record reflects that defense counsel objected to application of the sixteen level enhancement to Gonzalez at every step of the proceedings. Defense counsel objected to the inclusion of the enhancement in the PSR, he maintained the objection(s) throughout the sentencing process and during the sentencing hearing, and he pursued the objection to the enhancement on appeal. The Eighth Circuit resolved the issue adversely to Gonzalez and confirmed that the district court did not err in applying the 16-level enhancement to Gonzalez given the facts of the case. *United States v. Gonzalez*, 169 Fed. Appx. 490, 490-91 (8th Cir. 2006) Consequently, Gonzalez did not receive ineffective assistance of counsel in violation of Strickland or the Constitution due to counsel's alleged failure to object to the 16-level

enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

Evidentiary Hearing

Finally, Gonzalez's petition does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998)

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 31st day of May 2007

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE